# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

MOBILE ALABAMA ASSOCIATES, LLC,   )
               )
 Plaintiff/ Counter-Defendant, )
v.             ) CIVIL ACTION NO. 07-00432-CG-B
               )
HOEPPNER CONSTRUCTION   )
  CORPORATION,       )
               )
 Defendant/ Counter-Claimant,  )

## ORDER

This matter is before the court on the motion of Hoeppner Construction Corporation ("Hoeppner") for attorneys' fees (Doc. 109), the motion of Mobile Alabama Associates, LLC ("MAA") for renewed judgment as a matter of law or alternatively for new trial (Doc. 111), MAA's opposition to the motion for attorneys' fees (Doc. 113), Hoeppner's opposition to the renewed motion for judgment as a matter of law or for new trial (Doc. 118), Hoeppner's motion for leave to supplement its motion for attorneys' fees (Doc. 121), Hoeppner's supplemental motion for attorneys' fees (Docs. 121, 122), Hoeppner's reply in support of attorneys' fees (Doc. 125), MAA's reply in support of judgment as a matter of law or new trial (Doc. 126), and MAA's response in opposition to attorneys' fees (Doc 127).

**BACKGROUND**

The trial of this matter was held from March 9 through 13, 2009. MAA's claims for breach of contract, breach of express warranty, breach of implied warranty, negligence, wantonness, and fraud were presented to the jury along with Hoeppner's counterclaim for breach of contract. The jury found in favor of Hoeppner on all of the claims and found Hoeppner was entitled to damages in the amount of $270,500 on its counterclaim. (Doc. 104). After judgment was entered, Hoeppner moved for attorneys' fees and MAA moved for renewed judgment as a matter of law. However, before responses in opposition could be filed, MAA filed for relief under Chapter 11 of the Bankruptcy Code and this case was stayed pending completion of the bankruptcy proceedings or lift of the stay. (Docs 114, 116). This court lifted the stay of this case on October 29, 2010, upon receiving notice that the bankruptcy stay had lifted as to Hoeppner's claims in this case. (Docs. 119, 120). Responses have since been filed by both parties and the motions are ripe.

**DISCUSSION**

MAA seeks judgment as a matter of law or for new trial pursuant to Rules 50 and 59 based on the following contentions: 1) the evidence overwhelmingly indicated that Hoeppner failed to perform its contractual obligations and therefore breached the contract with MAA, 2) the evidence overwhelmingly indicated that Hoeppner fraudulently misrepresented that the work would be performed in accordance with the contract documents and failed to perform the work in that

2

manner, and 3) Hoeppner's reference at trial to the wealth of MAA and the poverty of Hoeppner improperly influenced and invoked the sympathy of the jury. (Doc. 111). MAA's opposition to the motion for attorneys' fees is also based on MAA's contention that the evidence does not support Hoeppner's claim. MAA asserts that Hoeppner is not entitled to attorneys' fees because Hoeppner failed to perform its contractual obligations.

**A. Renewed Motion for Judgment as a Matter of Law**

Judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure is appropriate where "there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1251 (11th Cir. 2007). In deciding a Rule 50 motion, the "proper analysis is squarely and narrowly focused on the sufficiency of evidence." Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th Cir. 2007). The question is "whether there was sufficient evidence, as a legal matter, from which a reasonable jury could find for the party who prevailed at trial." Id. at 1228. The court looks at the record evidence, drawing all inferences in favor of the non-moving party. Nurse "Be" v. Columbia Palms W. Hosp. L.P., 490 F.3d 1302, 1308 (11th Cir. 2007). The existence of a genuine issue of material fact precludes judgment as a matter of law, but the presence of "a mere scintilla of evidence" does not create a genuine issue of material fact. Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999) (en banc). A jury verdict will stand unless the evidence is so weighted in

3

favor of the moving party that the moving party must prevail as a matter of law. Thosteson v. United States, 331 F.3d 1294, 1298 (11th Cir. 2003) (citing Mendoza, 195 F.3d at 1244). A renewed motion under Rule 50(b) must be based upon the same grounds as the original motion. Chancy, 483 F.3d at 1228.

MAA first claims that judgment should be entered in its favor because the evidence overwhelmingly indicated that Hoeppner failed to perform its contractual obligations and thus, breached the contract. The court notes that although MAA refers to the trial testimony at length, it did not file a transcript of the trial or quote the actual trial testimony. Both MAA and Hoeppner refer generally to the testimony they remember being offered at trial and only refer directly to the trial exhibits.

MAA argues that the evidence demonstrated that Hoeppner did not comply with the contract between the parties and that Hoeppner even admitted to breaching several provisions of the contract. However, there was evidence that many of Hoeppner's asserted breaches were immaterial and that some of the requirements stated in the supplemental documents to the contract were not agreed to and were inconsistent with their practice of dealing with each other. There was also evidence that MAA breached the contract and delayed and/or prevented Hoeppner from complying with the contract. For instance, there was evidence that MAA failed to timely pay Hoeppner, that MAA failed to timely obtain the necessary plans and permits, and that MAA made significant modifications. The court finds

that there was sufficient evidence for a jury to find that MAA's failures and modifications resulted in substantial delays, prevented Hoeppner from performing under the contract, and resulted in significant losses to Hoeppner. The evidence supports a finding that Hoeppner substantially performed the contract and that MAA's breaches resulted in Hoeppner incurring the damages detailed in Hoeppner trial exhibit 150, which is consistent with the jury's verdict. The court finds that MAA has not shown that the evidence is so weighted in its favor that it must prevail as a matter of law.

MAA also argues that the evidence overwhelmingly indicates that Hoeppner fraudulently misrepresented that the work would be performed in accordance with the contract documents. However, as mentioned above, there was evidence that the terms contained in the supplementary documents to the contract were not agreed to by the parties. Moreover, there was evidence that such representations were not relied upon by MAA and that it did not suffer damages as a proximate cause of the alleged misrepresentations.[1] There was also evidence that Hoeppner had no intent to deceive. As such, the court finds that there was sufficient evidence for a jury to find that Hoeppner was not liable for fraudulent misrepresentation.

Lastly, MAA argues that Hoeppner's reference at trial to the wealth of MAA

---

[1] "The [basic] elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation. Ex parte Michelin North America, Inc., 795 So.2d 674, 678 (Ala. 2001).

5

and the poverty of Hoeppner improperly influenced and invoked the sympathy of the jury. Specifically, MAA objects to testimony being presented regarding a loan entered into between MAA and Monarch Bank in the amount of $4.5 million. "In determining whether the admission of evidence regarding a party's financial status constitutes reversible error, however, this Court must consider the evidence, the argument itself, the prejudicial effect of the evidence and the argument, and any limiting or cautionary actions of the trial court." Murphy v. Droke, 668 So.2d 513, 516 (Ala. 1995) (citation omitted).

Although the loan reportedly was not used solely for the funding of the construction project at issue in this case, MAA does not dispute that it was entered into, at least in part, to fund the project at issue. Hoeppner alleged that MAA's delays caused problems with the project, making MAA's failure to timely obtain financing an issue in the case. There was testimony that MAA did not have funding in place when the project began and that MAA did not make timely payments to Hoeppner. The court notes that the loan amount does not necessarily indicate the wealth of MAA, but merely indicates the size of the projects they are involved in. Hoeppner did not offer any detailed testimony of the wealth of MAA or its members. Hoeppner also asserts that the overall financing for the construction was relevant to assist the jury in putting into perspective the inflated damages being claimed by MAA as compared to the overall monies borrowed to construct the buildings. Hoeppner also points out that MAA introduced testimony regarding the prior

experience of MAA's members in developing other commercial properties and elicited testimony that the members flew to Mobile, Alabama, in a private jet to meet with a sub-contractor. Under the circumstances, the court finds that the loan documents were relevant evidence and the admission of the loan documents did not prejudice MAA. As such, the court finds that MAA has not shown that it is entitled to judgment as a matter of law.

## B. Motion for New Trial

The court may grant a motion for new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED.R.CIV.P. 59(a)(1)(A). A party may seek a new trial on grounds that

> the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.

Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). District courts are entrusted with broad discretion in determining whether a new trial is warranted in a particular case. See, e.g., Hessen for Use and Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc., 915 F.2d 641, 644 (11th Cir. 1990). However, the remedy of granting a motion for new trial "is sparingly used." Johnson v. Spencer Press of Maine, Inc., 364 F.3d 368, 375 (1st Cir. 2004) (citation omitted). The Eleventh Circuit has specifically instructed district courts that a motion for new trial should be granted when "the verdict is against the clear weight of the evidence or will result in a

miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.... Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great-not merely the greater-weight of the evidence." Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotations and citations omitted); Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1559 (11th Cir. 1984) ("The trial judge's discretion to set aside a jury verdict based on the great weight of the evidence is very narrow," and is limited to "protect[ing] against manifest injustice in the jury's verdict."); Pozzi Window Co. v. Auto-Owners Ins. Co., 429 F.Supp.2d 1311, 1323 (S.D. Fla. 2004) ("A trial judge may grant a motion for new trial if the jury verdict is contrary to the great weight of the evidence"; however, he may not "simply substitute his judgment for that of the jury.").

The court finds that a new trial should not be granted for essentially the same reasons that MAA is not entitled to judgment as a matter of law. The court finds that the verdict is not against the great weight of the evidence and that there were no substantial errors in admission of evidence. Accordingly, the court will deny MAA's motion for new trial.

**C. Attorneys' Fees**

Hoeppner's asserts that it is entitled to recover reasonable attorneys' fees, interest and expenses pursuant to ALA. CODE § 8-29-1 et. seq., which is also known

8

as the Miller Act.[2] Hoeppner's original motion for attorneys' fees claims attorneys' fees in the amount of $312,510.59, expert witness services in the amount of $36,847.66, deposition transcripts in the amount of $7,434.86, pre-judgment interest in the amount of $99,658.40 and post-judgment interest at 12% per annum.[3] (Doc. 109). Hoeppner moved for leave to supplement the motion for attorneys' fees (Doc. 121), and that motion is hereby **GRANTED**.

Hoeppner's supplemental motion for attorneys' fees requests an additional $33,473.94 in attorneys fees in relation to the post trial motions in this case and in the bankruptcy case[4] ($23,305.56 incurred by Alford, Clausen & McDonald, LLC and $10,168.38 incurred by Rayman & Stone) (Doc. 121-7, ¶ 6). Thus, the total

---

[2] Under Ala. Code § 8-29-6:
A contractor, subcontractor, or sub-subcontractor may file a civil action solely against the party contractually obligated for the payment of the amount claimed to recover the amount due plus the interest accrued in accordance with this chapter. If the court finds in the civil action that the owner, contractor, or subcontractor has not made payment in compliance with this chapter, the court shall award the interest specified in this chapter in addition to the amount due. In any such civil action, the party in whose favor a judgment is rendered shall be entitled to recover payment of reasonable attorneys' fees, court costs and reasonable expenses from the other party.

[3] Hoeppner's figures represent amounts for both the federal and related state court matter. MAA has not objected to the state court fees and expenses being included.

[4] Time spent on general bankruptcy administrative matters, deposition of MAA members in September 2010 in Michigan regarding MAA's transfer of cash assets and matters related to a claim against the three members for their fraudulent transfers pending in Mobile County Circuit Court were redacted and are not included in the requested amount. (Doc. 121, ¶ 17).

amount of attorneys' fees requested is $345,984.53.[5]

MAA opposed the motions for attorneys' fees on the basis that they are not recoverable because Hoeppner failed to perform its contractual obligations. MAA states that the Miller Act only permits Hoeppner to recover attorneys' fees, reasonable expenses, and interest if a judgment is rendered in favor of Hoeppner. MAA argues that the Miller Act does not provide a remedy against an owner that properly withholds payment or to a contractor that fails to perform its contractual obligations. However, this court found above that the evidence supports a finding that Hoeppner substantially performed under the contract, that MAA owes Hoeppner money under the contract, and that the jury's verdict should stand. Accordingly, the court finds that Hoeppner can recover reasonable attorneys fees and expenses.

MAA has not objected to the fee rates or hours charged and, upon review, the court finds the requested amounts to be reasonable. MAA has also not specifically objected to the amounts requested as expenses and the court upon review also finds these amounts to be reasonable. The court also finds that the requested $99,658.40 in pre-judgment interest is appropriate. However, the court is confused by Hoeppner's request for post-judgment interest. The supplemental motion requests

---

[5] The court notes that this figure is $1.01 less than the amount calculated by Hoeppner. It is unclear where this discrepancy comes from, but by the court's calculations the requested amounts for each law firm ($23,305.56 and $10,168.38 added to the originally requested amount of $312,510.59) total $345,984.53.

"Post-Judgment Interest Prior to Ruling on Fee Claim" in the amount of $171.57 per day and "Post-Judgment Interest After Ruling on Fee Claim" at 12%. Accordingly, the court finds it necessary to order Hoeppner to file a response to this order explaining the amounts requested for post-judgment interest and attaching a proposed judgment.

## CONCLUSION

For the reasons stated above, the motion of MAA for renewed judgment as a matter of law or alternatively for new trial (Doc. 111), is **DENIED**; and Hoeppner's motion for leave to supplement (Doc. 121), is **GRANTED.**

With regard to Hoeppner's motions for attorneys' fees (Docs, 109, 121, 122), the court finds that the amounts requested for attorneys' fees, expenses and pre-judgment interest should be awarded. However, the court **ORDERS** Hoeppner to file a response to this order further detailing or explaining the amounts requested for post-judgment interest. Hoeppner should attach to its response a proposed order that includes all of the amounts requested.

**DONE and ORDERED** this 22nd day of April, 2011.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE